1058

No. 86–5950. BAKER v. UNIVERSITY OF ALABAMA AT BIRMINGHAM ET AL. C. A. 11th Cir. Certiorari denied.

No. 86–5951. SMITH v. UNITED STATES. C. A. 4th Cir. Certiorari denied.

No. 86–5966. NICHOLAS v. UNITED STATES. C. A. 1st Cir. Certiorari denied.

No. 86–5968. SEIFERT v. MINNESOTA. Ct. App. Minn. Certiorari denied.

No. 86–5969. WOODFIN v. HARTMAN ET AL. C. A. 4th Cir. Certiorari denied.

No. 86–5970. ST. HILAIRE v. MARICOPA COUNTY SHERIFF'S DEPARTMENT ET AL. C. A. 9th Cir. Certiorari denied.

No. 86–5990. RHOADS v. ALASKA. Ct. App. Alaska. Certiorari denied.

No. 86–5998. SKOZEN v. ILLINOIS. App. Ct. Ill., 1st Dist. Certiorari denied.

No. 86–528. BROWN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF BROWN, ET AL. v. UNITED STATES; and
No. 86–202. SEA FEVER CORP. v. UNITED STATES. C. A. 1st Cir. Certiorari denied. Reported below: No. 86–528, 790 F. 2d 199; No. 86–202, 795 F. 2d 76.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

These cases present the question whether the discretionary-function exception to liability under the Federal Tort Claims Act, 28 U. S. C. § 2680(a), encompasses governmental decisions involving allocation of resources. The Court of Appeals in these cases held that such decisions are covered by the discretionary-function exception. 790 F. 2d 199, 202 (CA1 1986). Other Courts of Appeals have rejected this view. See *Eklof Marine Corp.* v. *United States*, 762 F. 2d 200, 204 (CA2 1985). See also *Aslakson* v. *United States*, 790 F. 2d 688, 693 (CA8 1986). I would grant one of these petitions to resolve the conflict.